## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
        Plaintiff,             )
                               )
    v.                         )
                               )   Cr. ID. No. 0610004197A
RAHIM SMITH a/k/a,             )
ALEEM ABDUL-WAHHAB             )
                               )
        Defendant.            )

Submitted: October 25, 2019
Decided: November 20, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Summarily Dismissed
AND
Motion for Appointment of Counsel
Should Be Denied
AND
Motion for an Evidentiary Hearing
Should Be Denied

**ADOPTED**

**<u>ORDER</u>**

This 20th day of November 2019, the Court has considered Defendant's

Objection to the Commissioner's Report and Recommendation, Commissioner's

Report and Recommendation, Defendant's Motions for Postconviction Relief,

1

Appointment of Counsel, and an Evidentiary Hearing, and the relevant proceedings below.

In May 2007, a Superior Court jury found Defendant Raheem Smith, a/k/a Aleem Abdul-Wahhab guilty of three counts of second degree rape and third degree unlawful sexual contact. In July 2007, this Court sentenced Defendant to seventy-eight years at Level V incarceration, to be suspended after serving thirty-five years, for decreasing levels of probation. Defendant appealed to the Delaware Supreme Court. The Delaware Supreme Court affirmed Defendant's conviction and sentence on August 28, 2008.

On July 15, 2019, Defendant filed *pro se* Motions for Postconviction Relief, Appointment of Counsel, and an Evidentiary Hearing. Defendant's motions were referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on October 15, 2019. The Commissioner recommended that Defendant's Motion for Postconviction Relief be summarily dismissed, and Defendant's Motions for Appointment of Counsel and an Evidentiary Hearing be denied. On October 25, 2019, Defendant filed an Objection to the Commissioner's Report.

## Postconviction Relief

Defendant raises three ineffective assistance of counsel claims arising from his 2007 trial. Defendant alleges that defense counsel was ineffective for failing to object to: (1) use of an uncertified translator at trial; (2) improper admission of a recorded interview aided by an uncertified translator; and (3) testimony of an alleged bad act at trial.

### Merits

It is noted that, regardless of procedural bars, Defendant's ineffective assistance claims are meritless. In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficiencies in counsel's representation caused the defendant actual prejudice.[1] Mere allegations of ineffectiveness will not suffice. A defendant must make and substantiate concrete allegations of actual prejudice.[2] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[3]

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[2] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[3] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

3

First, Defendant raises claims regarding the use of an interpreter for the victim. Defendant points to two instances where an interpreter aided the victim: (1) during trial; and (2) during the victim's Section 3507 statement. The Defendant argues that the interpreter for the trial was not certified, and that both interpreters had a personal relationship to the victim.

In this case, the victim spoke English. The victim suffers from cerebral palsy. The victim has a severe speech impediment caused by his cerebral palsy. There was, and is, no court-certified interpreter who could "translate" the victim's speech impediment. Both at trial and during the recorded pre-trial statement, the interpreters aided the translation based on a familiarity with the victim's speech. The interpreter in the recording was the victim's mother. The interpreter at trial was an expert in speech pathology who had worked with the victim for six years.

Additionally, the victim did not have any cognitive disability or hearing impairment that would make the "translation" unreliable. In fact, at several points during his testimony, the victim corrected the interpreter, thus ensuring the accuracy of the record testimony.

There was no objection to having an interpreter at trial. Defendant now argues that the interpreter should have been certified.[4] The victim in this case

---

[4] Superseded by Admin. Directive No. 187 (Del. Aug. 19, 2015) (Strine, C.J.).

required someone familiar with his speech patterns to "interpret" what he was saying so that he could be understood by those unfamiliar with the victim's speech in light of his impediment. The court interpreter was a practicing speech pathologist with such a familiarity. This Court is unaware of any additional certification for familiarity with another individual's particular speech patterns. Thus, defense counsel reasonably permitted this interpreter to aid the victim's testimony.

On appeal, the Delaware Supreme Court found no error in the use of the interpreter to accommodate the victim's disability under the facts and circumstances presented.[5] Additionally, Defendant fails to indicate how the aid of an interpreter for either the victim's testimony or the Section 3507 statement unfairly prejudiced the Defendant. Thus, these claims are without merit.

Defendant also asserts that counsel was ineffective for failing to object to, or request a mistrial for allowing testimony of an alleged bad act at trial. During trial, the Court asked counsel if he wanted a curative instruction regarding the improper reference at trial to the alleged bad act.[6] Counsel declined for fear that it would draw more attention to the reference, which counsel believed went unnoticed.[7]

---

[5] *Smith v. State*, 2008 WL 3990859, at *1–2 (Del.).
[6] Trial Tr. at C-114 (May 17, 2007).
[7] *Id.*

5

Here, defense counsel made a strategic decision not to draw attention to a reference to an alleged bad act, and the Court offers great deference to that decision. Further, Defendant fails to demonstrate how this brief reference caused Defendant any actual prejudice. Thus, this claim also has no merit.

Defendant has failed to show that defense counsel's representation fell below an objective standard of reasonableness, or that Defendant was in any way prejudiced by counsel's strategic decisions. Thus, Defendant's Motion for Postconviction Relief has no merit. Even if Defendant's motion had merit, it is nevertheless procedurally barred.

*Procedural Bars*

Prior to addressing the substantive merits of any claim for postconviction relief, the Court first must determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[8] If a procedural bar exists, then the claim is barred and the Court should not consider the merits of the postconviction claim.[9]

Rule 61(i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[10] (2) any basis for relief must be

---

[8] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[9] *Id.*
[10] Super. Ct. Crim. R. 61(i)(1).

asserted in the first timely-filed motion for postconviction relief absent exceptional circumstances; (3) any basis for relief must have been asserted at trial or on direct appeal; and (4) any basis for relief must not have been formally adjudicated in any proceeding.

Defendant's Motion for Postconviction Relief is time-barred. Rule 61(i)(1) requires Defendant to file his Motion for Postconviction Relief within one year of a final order of conviction.[11] Defendant was sentenced in July 2007. The Delaware Supreme Court affirmed Defendant's conviction and sentencing on August 28, 2008. On June 26, 2019, Defendant filed this Motion for Postconviction Relief. The nearly eleven-year period between Defendant's final order of conviction and his motion exceeds the Rule 61 one-year limit.

Defendant's motion is otherwise procedurally barred to the extent that those claims were raised and adjudicated on direct appeal. Defendant asserts that his trial counsel was ineffective for failing to object to the use of an "uncertified translator" at trial, and for allowing admission of a recorded interview with the victim which was aided by an interpreter. On direct appeal, the Delaware Supreme Court found no error in the use of the interpreter at trial in order to accommodate the victim's disability.[12]

---

[11] Super. Ct. Crim. R. 61(i)(1).
[12] *Smith v. State*, 2008 WL 39990859, *1–2 (Del.).

7

Rule 61(i)(3) further prevents this Court from considering Defendant's claims raised at this late date that had not previously been raised. Defendant's claims of ineffective assistance all stem from facts known to him at the time of his May 2007 trial. Thus, Defendant's claims are procedurally barred.

In order to overcome procedural hurdles, Defendant has three options. Defendant may establish that: (1) the court lacked jurisdiction; (2) new evidence exists that creates a strong inference that Defendant is actually innocent of the underlying charges for which Defendant was convicted; or (3) a new rule of constitutional law made retroactive to Defendant's case would render his convictions invalid.[13]

Defendant's motion also fails to establish any of the exceptions to the procedural bar. None of Defendant's claims establish lack of jurisdiction. Defendant does not raise a new constitutional law applicable to this case. Defendant does not raise any new or recently-discovered evidence, or any evidence at all. All of Defendant's claims arise from facts known to him at the time of his trial in May 2007.

Defendant had time and opportunity to raise any issue in a timely-filed postconviction motion. Defendant has not established any prejudice to his rights

---

[13] Super. Ct. Crim. R. 61(i)(2) & (5).

and/or cause for relief. Having been provided with a full and fair opportunity to present any issue in a timely-filed motion, Defendant's claims are time-barred and otherwise procedurally barred. Therefore, Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED**.

### *Appointment of Counsel*

Where a Rule 61 motion is untimely filed, counsel will be appointed only in certain limited exceptional situations.[14] After reviewing Defendant's motion and the record, the Court finds that no exceptional circumstances exist which give rise to the entitlement to the appointment of counsel in this case. Therefore, Defendant's Motion for Appointment of Counsel is hereby **DENIED**.

### *Evidentiary Hearing*

Defendant's claims arise entirely from events which occurred during trial on the record. "After considering the motion for postconviction relief, the state's response, the movant's reply ... the record of prior proceedings in the case, and any added materials,"[15] the Court has determined that an evidentiary hearing will not aid in the resolution of this motion. Therefore, Defendant's Motion for an Evidentiary Hearing is hereby **DENIED**.

---

[14] Super. Ct. Crim. R. 61(e)(2) & (4).
[15] Super. Ct. Crim. R. 61(h).

## CONCLUSION

The Court holds that the Commissioner's Report and Recommendation dated July 29, 2019 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[16]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety.** Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED.** Defendant's Motion for Appointment of Counsel is hereby **DENIED.** Defendant's Motion for an Evidentiary Hearing is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

---

[16] Super. Ct. Crim. R. 62(a)(4)(iv).